## Kikel v. Cochran et al.

*Paul K. McCormick,* for plaintiff.
*Vincent E. Williams,* for defendants.

McWherter, J., August 21, 1947.—Complainant in his bill asked for and obtained a preliminary injunction restraining the County Commissioners of Westmoreland County, acting as bureau of elections, from printing on the ballots for the Township of Donegal in Westmoreland County, to be used at the primary election to be held September 9, 1947, the following questions:

1. Do you favor the granting of liquor licenses Yes for the sale of liquors in the Township of Donegal, County of Westmoreland, Pennsylvania? No

2. Do you favor the granting of malt and Yes brewed beverage retail dispenser licenses for consumption on premises where sold in the Township of Donegal, County of Westmoreland, Pennsylvania? No

Paragraph 7 of the bill reads, as follows: "That your petitioner is advised, believes and, therefore, avers that, as said referendum petitions in setting forth the form of the questions to be voted upon, contained an

'X' mark opposite the word 'NO', indicating a negative vote, the above respondents are without power to submit referendum upon the basis of these petitions for the following reasons: A. The county commissioners have no authority in law to change the form of the question from that contained in the petition by omitting the 'X' mark.

"B. To submit the questions in the form set forth in the petitions would be invalid as an interference with free elections.

"C. The petitions as filed with the county commissioners, respondents above named, are fatally defective."

At the hearing, it was undisputed that the petitions were circulated and submitted to the county commissioners with an "X" after the word "NO" as to both of the questions to be submitted to the voters.

The petitioner in his bill sets forth, by reason of being in business, he would be irreparably injured and, in his testimony, testified as to the investment which he has at present in a licensed dispensary in the Township of Donegal. The matter of his irreparable injury, loss of his business and loss of his investment has nothing to do with the question here submitted.

Section 32 of the Beverage License Law of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, Sp. Sess. P. L. 75, sec. 1, as amended by the Act of July 18, 1935, P. L. 1217, and by section 1 of the Act of June 16, 1937, P. L. 1827, 47 PS §100n, is the law under which electors, equal to 25 percent of the highest vote cast for any office in a municipal or township at the last preceding election, shall petition the county commissioners for a referendum on the question of granting licenses and the question shall be submitted at the primary election preceding the municipal election occurring at least 60 days thereafter. The law makes it mandatory for the commissioners to sub-

mit the question to the voters upon proper petition. On the other hand, the legislation above referred to sets forth the form of the question by providing the words "YES" and "NO" after the question as it is to be printed on the ballots. There is no provision in the act, however, for the commissioners to submit to the electors of the township or municipality involved marked ballots indicating how they should vote.

In this case, the county commissioners are called upon to submit the question in the form as presented by the petitions signed by the electors of Donegal Township. In other words, the commissioners have no other alternative but to follow the petitions as presented, namely, print the "X" or cross mark after the word "NO" on the ballots to be distributed in the precincts of the Township of Donegal. This, clearly, was not the legislative intent. The county commissioners should be relieved of the necessity of doing what appears to this court as a foolish thing.

The question here involved was considered in Hoover et al. v. Blair County Commissioners, 48 D. & C. 199, and in Prangley v. Diehm et al., 51 D. & C. 108, and in both of those cases it was held that the "X" mark opposite the word "NO" vitiates the petitions.

The court is constrained to agree with the complainant in the bill of complaint that the county commissioners have no right to change the form of the question from the form contained in the petitions for Donegal Township.

### Decree

And now, August 21, 1947, it is ordered that the preliminary injunction heretofore issued in the above case be, and the same is, hereby made permanent, and the County Commissioners of Westmoreland County, their agents and employes, are enjoined and restrained from in anywise acting on the petitions of the electors of the Township of Donegal to place on the ballots for said township, at the primary election to be held Tues-

day, September 9, 1947, the questions referred to in this opinion. Exception noted and a bill sealed for defendants, County Commissioners of Westmoreland County and for intervening defendant, the Ministerial Association of Donegal Township.